IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKIE L. JOHNSON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:12-CV-1790-D |
| VS. § | |
| § | |
| BAE SYSTEMS LAND & § | |
| ARMAMENTS, L.P., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant BAE Systems Land and Armaments, L.P. ("BAE") moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' suit for breach of contract, under Rule 12(e) for a more definite statement regarding plaintiffs' claims of discrimination, and under Rule 12(f) to strike portions of plaintiffs' amended complaint. For the reasons that follow, the court grants BAE's motion to dismiss and denies its motions under Rules 12(e) and 12(f).

I

This is an action by plaintiffs Rickie L. Johnson ("Johnson"), Robert E. Allen ("Allen"), Levi Daniels, Carl Whitley ("Whitley"), and Eduardo A. Dominguez ("Dominguez") against their former employer, BAE.[1] Each plaintiff is African-American except for Dominguez, who is Hispanic. BAE is a military contractor that produces military

---

[1] In deciding BAE's Rule 12(b)(6) motion to dismiss, the court construes plaintiffs' amended complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

and other law enforcement products and provides support to the United States Army. Over an eight-year span, plaintiffs were individually hired because of their military background and training to provide troubleshooting, training, and support to the military on various vehicle systems as Field Service Representatives ("FSR"). Except for Allen, each plaintiff was interviewed and hired by Earl Briggs ("Briggs"). Plaintiffs allege that Briggs said that they would always have jobs with BAE so long as they were willing to travel and BAE had government contracts. Plaintiffs also assert that, when deciding to accept employment with BAE, they relied on this assurance of continued employment.

By 2011 plaintiffs were all working for BAE at Fort Hood, where George Clarkson ("Clarkson") was the site manager and supervisor. Like plaintiffs, Clarkson had served in the military, and had even served with several of the plaintiffs. While still in the service, Clarkson allegedly disrespected and displayed animosity towards African-American officers and soldiers, at least once referring to a superior officer with a racial slur. Plaintiffs allege that when Clarkson began working for BAE, he continued to exhibit racism and use racial slurs to refer to African-Americans. Apart from these comments, plaintiffs also allege that Clarkson segregated them from others, denigrated their military service, assigned them to jobs not assigned to Caucasian FSRs, and denied them lead or supervisory positions while assigning such positions to similarly-situated Caucasian FSRs.

Plaintiffs Dominguez, Johnson, and Whitley complained to Briggs and another supervisor, Pete Atherholt ("Atherholt"), on multiple occasions about Clarkson's behavior. They allege, however, that BAE never did anything to address Clarkson's actions or remarks.

Rather, they allege that plaintiffs' supervisors, Clarkson and Atherholt, dismissed the complaints, and that Atherholt threatened to retaliate against Johnson and Whitley.

According to plaintiffs, despite having performed their duties satisfactorily and received good performance reviews, only two of them were promoted to senior FSRs, none was given an opportunity to serve consistently in a lead position, and none was provided training on new vehicles. Then, in April 2011, BAE terminated plaintiffs because their "skill sets" were not "up to par." 2d Am. Compl. ¶ 21.

Plaintiffs bring this suit against BAE, alleging that it (1) discharged them because of their race, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and Tex. Lab. Code Ann. § 21.051 (West 2006); (2) unlawfully retaliated against Johnson, Dominguez, and Whitley because they opposed racial discrimination, in violation of Title VII, 42 U.S.C. § 2000e-3(a), and Tex. Lab. Code Ann. §§ 21.051 and 21.055; and (3) breached an oral contract for employment by discharging them. BAE moves to dismiss plaintiffs' breach of contract claim, to compel more definite pleading regarding the discrimination claims, and to strike part of plaintiffs' amended complaint.

II

The court turns first to BAE's motion to dismiss plaintiffs' breach of contract claim.

A

In Texas, the general rule is "that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad

cause, or no cause at all." *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). At-will employment may become contractual based on oral statements of a person with authority, but "[f]or such a contract to exist, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Wal-Mart Stores, Inc. v. Guerra*, 2009 WL 1900411, at *4 (Tex. App. 2009, pet. denied) (mem. op.) (citing *Midland Judicial Dist. Cmty. Supervision & Corr. Dep't v. Jones*, 92 S.W.3d 486, 488 (Tex. 2002); *Montgomery Cnty.*, 965 S.W.2d at 502). What constitutes an enforceable contract is a question of law for the trial court. *Gaede v. SK Invs. Inc.*, 38 S.W.3d 753, 757 (Tex. App. 2001, pet. denied). "To determine if particular oral statements manifest the required intent, courts consider both the context in which the statements were made and the language employed." *Guerra*, 2009 WL 1900411, at *4 (citing *El Expreso, Inc. v. Zendejas*, 193 S.W.3d 590, 597 (Tex. App. 2006, no pet.)). Any purported "employment contract must directly limit in a meaningful and special way the employer's right to terminate the employee without cause" in order to rebut the assumption of employment at will. *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 478 (5th Cir. 2000) (quoting *Rios v. Tex. Commerce Bancshares, Inc.*, 930 S.W.2d 809, 815 (Tex. App. 1996, writ denied)). The court "must distinguish between carefully developed employer representations upon which an employee may justifiably rely, and general platitudes, vague assurances, praise, and indefinite promises of permanent continued employment." *Montgomery Cnty.*, 965 S.W.2d at 503 (quoting *Hayes v. Eateries, Inc.*, 905 P.2d 778, 783 (Okla. 1995)).

B

The court holds that Briggs's alleged statement that "[plaintiffs] would always have jobs with BAE so long as they were willing to travel and BAE had government contracts," 2d Am. Compl. ¶ 13, does not manifest the required intent to bind BAE. Briggs's language lacks the requisite definiteness to show such an intent.

> General comments that an employee will not be discharged as long as his work is satisfactory do not in themselves manifest [intent to bind the employer]. Neither do statements that an employee will be discharged only for "good reason" or "good cause" when there is no agreement on what those terms encompass.

*Montgomery Cnty.*, 965 S.W.2d at 502; *see also Runge v. Raytheon E-Sys., Inc.*, 57 S.W.3d 562, 566 (Tex. App. 2001, no pet.) (holding supervisor's comments that employee had "opportunity of a lifetime" and "job for life" were not specific enough to alter at-will employment relationship). Briggs's language is similarly vague. It is not self-evident, and there are no allegations, that both parties understood the parameters of the employees' willingness to travel. Additionally, the purported condition of BAE's having government contracts could mean that BAE could not terminate plaintiffs if it had any government contracts, or the condition could simply be a way of saying that plaintiffs could work for BAE so long as BAE had business. *See Rowe v. Montgomery Ward & Co.*, 473 N.W.2d 268 (Mich. 1991) (holding that no employment contract existed where supervisor assured employees they would have jobs "as long as they generated sales and were honest") (cited with approval in *Montgomery Cnty.*, 965 S.W.2d at 502-03).

The vague assurances here contrast with the specific promises made by the defendants in cases where oral statements were held to overcome the at-will presumption. For example, in *El Expreso* the court held as a matter of law that assurances given to the plaintiff-employee that he would not be fired for attempting to ensure compliance with safety laws was not merely a general comment, but showed intent to be bound. *See El Expreso*, 193 S.W.3d at 594-96. And in *Miksch v. Exxon Corp.*, 979 S.W.2d 700, 705 (Tex. App. 1998, pet. denied), the court concluded that a supervisor's statement that an employee would not be fired from her job at Exxon if her husband leased and operated a specific Chevron station was sufficient to modify the employee's at-will status. *El Expreso* and *Miksch* both involved language that specifically identified circumstances under which the employee would not be fired. Moreover, the context of the statements in these cases further removed any ambiguity or vagueness, because in each case the promise was made in response to the plaintiff's speaking to a supervisor and specifically asking whether he or she would be terminated for behaving a certain way. *Id.*; *Zendejas*, 193 S.W.3d at 595. Here, plaintiffs have not alleged any context that would serve this clarifying function.[2]

---

[2]The context of the statement also matters insofar as it sheds light on BAE's intent to be bound. *See Guerra*, 2009 WL 1900411, at *6 (holding that oral statements did not amount to employment contract, in part because the statements were made at a large general meeting and a tour of the store the plaintiff managed rather than "in the context of a serious inquiry about the employee's possible termination, or in the context of a formal discussion about the terms of employment"). In the present case, although Briggs interviewed and hired plaintiffs, the amended complaint does not specify the context in which the statement was made. The court therefore cannot determine whether the circumstances make it more or less likely that BAE intended to bind itself to the conditions Briggs articulated.

As alleged, Briggs's statement did not manifest an intent to bind BAE; it was merely a general platitude and vague assurance of continued employment, and therefore did not create a binding employment contract.

C

Because the court is permitting plaintiffs to replead, it will for purposes of efficiency address whether plaintiffs must plead apparent authority to survive a motion to dismiss. BAE maintains that "Texas law does not presume agency, and the party who alleges it has the burden of proving it." *IRA Resources, Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007) (citation omitted). It contends that plaintiffs must plead sufficient facts to plausibly establish apparent authority. Plaintiffs respond that they "need not anticipate and plead around every factual defense BAE may raise in this case." Ps. Resp. 3.

In this case, the complaint makes clear that Briggs, who allegedly entered into the contracts at issue with plaintiffs, was acting as an agent rather than a principal. The alleged contracts are between plaintiffs and BAE, not plaintiffs and Briggs. From the face of the complaint, Briggs appears to be an ordinary employee of BAE who allegedly entered into oral employment contracts on behalf of BAE, a limited partnership. There is no contrary statement to indicate that he is a principal. An ordinary employee or agent, however, may not have authority to bind his principal. If he does not have authority, there is no valid contract and therefore no breach of contract claim.[3] Thus because "threadbare recitals of the

---

[3]In Texas, a breach of contract claim requires proof of four elements: "(1) the existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3)

elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted), plaintiffs must in the context of this case plead more than a mere conclusory statement that a valid contract exists—they must plead Briggs's authority to bind BAE. *See McCartney v. CitiFinancial Auto Credit, Inc.*, 2010 WL 5834802, at *8 (E.D. Tex. Dec. 14, 2010) (assuming breach of contract claim under Texas law required alleging specific facts demonstrating agency relationship)*; Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 85 (S.D.N.Y. 2010) (holding that to maintain breach of contract claim under New York law, where element of cause of action is existence of a contract, plaintiffs needed to allege authority to contract).

In sum, the court holds that, because the face of the complaint makes clear that Briggs was not a principal, plaintiffs must allege facts that allow the court to draw the reasonable inference that Briggs had authority to enter into a contract that is binding on BAE.

III

The court next considers BAE's motion under Rule 12(e) to require a more definite statement.

As stated above, Rule 8(a)(2) requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the party may

---

defendant[s'] breach of the contract, and (4) damages to the plaintiff[s] resulting from the breach." *Mesa v. Verizon Bus. Network Servs., Inc.*, 2012 WL 3452696, at *12 (N.D. Tex. Aug. 14, 2012) (Fitzwater, C.J.) (citing *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003)).

move for a more definite statement of the claim against it. Rule 12(e). "Motions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Vill.*, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (Solis, J.) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (2d ed. 1990)). The question whether to grant a motion for a more definite statement is "within the discretion of the trial court." *Id.* (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

Plaintiffs have stated their claims "with sufficient specificity to permit [BAE] to frame a responsive pleading. In other words, the allegations of the petition are not so vague that [BAE] is unable to admit or deny them." *LSF7 NPL V Trust v. Flagstar Bank, FSB*, 2012 WL 3867106, at *3 (N.D. Tex. Sept. 6, 2012) (Fitzwater, C.J.). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Brown v. Whitcraft*, 2008 WL 2066929, at * 1 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.) (citing *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006) (Means, J.)). The additional information BAE seeks—namely, who overheard or observed conduct demonstrating alleged racial hostility and the specific job opportunities plaintiffs claim they were denied—can be developed in discovery. Because the absence of this information does not impede BAE's ability to frame a responsive pleading, the court denies BAE's motion for a more definite statement.

IV

The court finally turns to BAE's Rule 12(f) motion to strike certain statements from plaintiffs' complaint.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 206 F.2d 862, 868 (5th Cir. 1962)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) (quoting 2 *Moore's Fed. Prac.*, 2d ed., P12.21(2)).

The court declines to strike the allegations of Clarkson's racially hostile behavior during his military service. These allegations may be relevant to an issue in this litigation. Plaintiffs' allegations are brief, and "[a]lthough the disputed pleadings might 'offend[] the sensibilities' of [BAE and Clarkson] and [their] attorneys, those pleadings are not scandalous because they are directly relevant to the controversy at issue." *United States v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (first alteration in original)).

Accordingly, the court denies BAE's motion to strike under Rule 12(f).

V

Although the court is dismissing plaintiffs' claims, it will permit them to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks and citation omitted). Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants them 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

*   *   *

For the reasons explained, BAE's motion to dismiss plaintiffs' breach of contract claim is granted, and BAE's motion to strike and motion for a more definite statement are denied.

**SO ORDERED.**

November 26, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE